DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7303
    FAX: (415) 436-7234
    david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD KEITH ELLISON,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 3:19-CV-03341 SI<br><br>**UNITED STATES'S DEFENDANT'S NOTICE OF MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT THEREOF**<br><br>**Date: August 9, 2019**<br>**Time: 10:00 A,M.**<br>**Hon. Susan Illston**<br>**Courtroom 1, 17th Floor** |

### UNITED STATES OF AMERICA'S NOTICE OF MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT THEREOF

Comes now the United States of America, by and through the United States Attorney for the Northern District of California and the above named Assistant United States Attorney and file this Notice of Motion to Transfer Venue and Memorandum in Support Thereof, pursuant to 28 U.S.C. § 1404(a).

### INTRODUCTION

The subject of the Motion to Return Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (CV-19-3341) and filed by Plaintiff Donald Keith Ellison (Plaintiff or Ellison) on

June 12, 2019, involves a warrant to seize property subject to forfeiture, Misc. Case Number 19-835(M), obtained by the Federal Bureau of Investigation (FBI) for funds up to the amount of $1,000,000.00 in Charles Schwab & Co., Inc. account #XXXX-8933 in the name of Donald Keith Ellison. *See* Declaration of Juan Carlos Lopez ("Lopez Decl."), ¶ 3. Dkt. 26-1. That warrant was issued by a Magistrate Judge of the United States District Court for the District of Puerto Rico. *Id*. While the affidavit underlying the warrant in Misc. Case Number 19-835(M) is sealed, certain facts are known to the public and serve to support a request to transfer venue to the District of Puerto Rico.

On or about September 20, 2017, the Commonwealth of Puerto Rico experienced the landfall of Category 4 Hurricane Maria causing widespread and catastrophic damage throughout the island. *Id.*, ¶ 5. On or about September 20, 2017, President Donald Trump declared a National Disaster for the Commonwealth of Puerto Rico. *Id.* Federal Emergency Management Administration (FEMA) approved Public Assistance ("PA") funds for government agencies on the island, including Puerto Rico Electric Power Authority ("PREPA"), in support of Hurricane Maria recovery and repair efforts. *Id.* FEMA's PA grant program provides federal assistance to government organizations and certain private nonprofit organizations following a Presidential disaster declaration. *Id.* PREPA is an electric power company and the government-owned corporation of Puerto Rico responsible for electricity generation, power distribution and power transmission on the island.

On or about October 19, 2017, PREPA awarded Cobra Acquisitions, LLC ("COBRA"), a $200,000,000 contract to perform repairs to the Puerto Rico electrical system. *Id.*, ¶ 6. COBRA is a wholly owned subsidiary of Mammoth Energy Services, Inc. *Id.,* ¶ 7. Plaintiff was the President of COBRA from January 2017 to June 2018. *Id.* On or about January 28, 2018, PREPA amended the contract with COBRA, increasing the contract amount to $445,429,800. *Id.*, ¶ 9. On or about February 2018, PREPA amended the COBRA contract again increasing the contract amount to $945,429,800. *Id.* On or about May 26, 2018, PREPA awarded a new contract to COBRA for $900,000,000. *Id.* This brought the total amount of PREPA contracts with COBRA to $1,845,429,800. *Id.*

Based on findings of probable cause related to conduct in violation of federal criminal laws, including but not limited to Title 18, United States Code, Section 1031 (Major Fraud against the United States); Title 18, United States Code, Section 371 (Conspiracy); and Title 18, United States Code,

Section 201 (Bribery of public officials). On April 26, 2019, FBI obtained warrants to seize property belonging to Plaintiff and subject to forfeiture as property constituting or traceable to proceeds of violations of federal criminal statutes, including $1,000,000 from a Charles Schwab account.  *See* Lopez Decl., ¶ 12. On or about June 18, 2019, the FBI seized an additional $3,425,512.93 from that account. *Id.*, ¶ 4.  All of the property seized was property procured by Ellison after 2017.  *Id.*, ¶ 13.

## **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE**

The United States asserts that a change of venue is authorized by Title 28 U.S.C. §1404(a) which provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In order for a district court to transfer an action under section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir.1985).

In determining whether transfer is appropriate, courts have considered the following factors: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) access to compulsory process of third party witnesses; (5) ease of access to sources of proof; (6) local interest in the controversy; (7) familiarity of each forum with the applicable law; and (8) relative court congestion in each forum. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

 Here, none of the activity in this case occurred in the Northern District of California and none of the parties, witnesses, or evidence is located in the Northern District of California.  The Subject Proceeds are directly linked to expected civil and criminal forfeiture proceedings to be filed in the District of Puerto Rico.  Given Ellison's role as president of COBRA, the substantial value of COBRA contracts in the District of Puerto Rico, that property seized was acquired after 2017, and the scope and nature of the seizure warrants already issued in the District of Puerto Rico, the United States submits that venue is proper in that district and that District Court is best suited to address Ellison's request for remedies, including his request to unseal a matter ordered sealed by a Magistrate Judge in the District of Puerto Rico.

### 1. Plaintiff's Choice of Forum.

Because the facts in this case are tied to the substantial COBRA contracts in the District of Puerto Rico and Ellison's role in relation to these contracts, the convenience of the plaintiff should not weigh heavily in the analysis. *See Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968), footnote omitted.

### 2. The Convenience of the Parties.

None of the parties reside in the Northern District of California. The victim of the crime, PREPA, is in Puerto Rico. The moving party, Mr. Ellison, is a resident of Oklahoma and has no connection to the Northern District of California. The investigating agencies are located in Puerto Rico and Washington D.C. Mr. Ellison's attorney is located in New York City. Other assets were seized in Puerto Rico, New York, Florida, and Georgia. There is no connection to this district other than the fact that Charles Schwab is headquartered in San Francisco. As such, the convenience of the parties favors transfer of this case to Puerto Rico.

### 3. Convenience of the Witnesses.

None of the anticipated witnesses are located in the Northern District of California. The criminal activity in this case occurred as a result of the execution of high valued contracts in Puerto Rico to restore electrical power after a natural disaster. The work was done for PREPA, an entity operating solely in Puerto Rico. Consequently, most, if not all, of the witnesses to those activities are located in Puerto Rico. This factor weighs in favor of transfer to Puerto Rico.

### 4. Access to Compulsory Process of Third Party Witnesses.

Because the criminal activity occurred in Puerto Rico, it is likely that any third-party witnesses as to the alleged criminal activity (and thus the forfeiture) will be located in Puerto Rico. For this reason, access to compulsory process of third party witnesses weighs in favor of transfer of this case to the District of Puerto Rico.

### 5. Ease of Access to Sources of Proof.

As noted above, all of the evidence relevant to this case is maintained in Puerto Rico. Thus this factor weighs in favor of transfer of this case to Puerto Rico.

///

**6. Local Interest in the Controversy.**

As a general rule, the preferred forum for litigating cases is the center of the accused activity. *S. C. Johnson & Son v. Gillette Co.*, 571 F.Supp. 1185, 1187-88 (N.D. Ill. 1983); *AMP Incorporated v. Burndy of Midwest, Inc.*, 340 F.Supp. 21,24 (N.D. Ill. 1971). The trier of fact ought to be as close as possible to the milieu of the hub of activity centered around the alleged wrongdoing. S. C. *Johnson*, 571 F.Supp. at 1188; *AMP Inc.*, 340 F.Supp. at 25. Here, the activity in this case occurred in Puerto Rico. Thus, this factor weighs heavily in favor of transfer of this case to the District of Puerto Rico, given the substantial value of the contracts awarded to COBRA for work done in Puerto Rico and the relation of those contracts to restoring electrical power after the natural disaster.

**7. Familiarity of Each Forum.**

Both the Northern District of California and the District of Puerto Rico will apply the same law in this case. Both presumably are equally familiar with the applicable law. This factor does not weigh in favor of transfer or keeping the case in the Northern District of California.

**8. Relative Court Congestion.**

Relevant evidence regarding the congestion in district courts may be extracted from public websites that publish statistics. *See, e.g., Gelber v. Leonard Wood Memorial For Eradication of Leprosy*, 2007 WL 1795746, *5 (N.D. Cal. 2007). Statistics dealing with the time from filing a complaint to the time of disposition in the various federal district courts can be found on the following address: http://www.uscourts.gov.  According to the statistics on the U.S. Courts website, as of March 2019 the Northern District of California in the preceding twelve-month period had 534 civil cases filed while the District of Puerto Rico had 174 civil cases filed during the same time period.

As discussed above, because the Subject Proceeds are directly linked to a seizure warrant issued in the District of Puerto Rico, venue is proper in that district where the facts underlying the six seizure warrants above described occurred, where witnesses will likely testify at trial, and where Ellison's employer, COBRA, and Ellison did work based on high value contracts. In addition, Plaintiff, is seeking as remedies in both the Rule 41(g) motion and the TRO copy of an affidavit sealed by a Magistrate from the United States Court for the District of Puerto Rico; and return of assets.  As such, the United States asserts that venue of the instant case should be transferred to the District of Puerto Rico.

## **CONCLUSION**

The United States moves the Court, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this case to the District of Puerto Rico for the convenience of the parties, for the convenience of the witnesses, because of the ease of access to proof, because of the local interest of Puerto Rico in the seizure and forfeiture of the Subject Proceeds, and in the interest of Justice.

DATED: 06/21/2019                                         Respectfully submitted,

                                                          DAVID L. ANDERSON
                                                          United States Attorney

                                                          _____/S/_____
                                                          DAVID COUNTRYMAN
                                                          Assistant United States Attorney